# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:18-cr-00346** |
| | : | |
| | : | Assigned to:  Judge Paul L. Friedman |
| **v.** | : | |
| | : | |
| **ABUL HUDA FAROUKI,** | : | |
| **MAZEN FAROUKI,** | : | |
| **and SALAH MAAROUF,** | : | |
| | : | |
| **Defendants.** | : | |

## JOINT MOTION TO DISMISS INDICTMENT

The United States of America, by and through undersigned counsel, and Defendants Abul Huda Farouki, Mazen Farouki, and Salah Maarouf, by and through undersigned counsel, respectfully request that this Court dismiss without prejudice the Indictment in the above-captioned case pursuant to Federal Rule of Criminal Procedure 48.[1]

Rule 48 states that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." While the rule "could conceivably be read to allow for considerable judicial involvement in the determination to dismiss criminal charges," the D.C. Circuit has recognized that the decisions to dismiss pending criminal charges "lie squarely within the ken of prosecutorial discretion." *United States v. Fokker Services B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). Rather, the "principal object of the leave of court requirement has been understood to be

---

[1] This Court previously granted a motion by Anham FZCO, Anham USA, Inc., Financial Instrument and Investment Corp. (doing business as American International Services ("AIS"), HII-Finance Corp, Tracks for Logistics Services, LLC ("Tracks"), and UniTrans International, Inc. ("UniTrans") (collectively, "Companies"), in which they had moved to intervene "for the limited but critical purpose of protecting their attorney-client and work-product privileges." Unopposed Motion to Intervene at 1 (under seal).  The resolution described below will leave unresolved the Companies' and Defendants' claims of attorney-client privilege, attorney work product, and other protections that are the subject of the Special Master process, but the Government will continue to handle materials obtained in connection with this case as described in the parties' Joint Status Report of November 4, 2019.

a narrow one—to protect a defendant against prosecutorial harassment . . . when the Government moves to dismiss an indictment over the defendant's objection." *Id.* (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)) (internal quotation marks omitted).  "Although there is a strong presumption in favor of dismissal without prejudice, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused."  *United States v. Pitts*, 331 F.R.D. 199, 203 (D.D.C. 2019) (Sullivan, J.).  Thus, the Court's review of a Rule 48 motion is "primarily to guard against the prospect that dismissal is part of a scheme of 'prosecutorial harassment' of the defendant through repeated efforts to bring—and then dismiss—charges."  *Fokker Services B.V.*, 818 F.3d at 742.

No such scheme of "prosecutorial harassment" exists here.  Rather, the Government seeks dismissal of the Indictment because it has entered into non-prosecution agreements with each of the Defendants.[2]

For the foregoing reasons, the United States of America respectfully requests that this Court dismiss the Indictment in the above-captioned matter without prejudice.

Dated this 2nd day of December, 2019.

Respectfully submitted,

Robert A. Zink
Chief, Fraud Section
Criminal Division
United Sates Department of Justice

By: /s_____
James J. Gelber
VT Bar # 2775
Trial Attorney, Fraud Section

---

[2] If the Court requests, the parties will provide the substance of the agreements, or the agreements themselves, to the Court.

       Criminal Division
       United States Department of Justice
       1400 New York Avenue, NW
       Bond Building, Fourth Floor
       Washington, D.C. 20005
       (202) 616-1488

By: /s_____
      Barry Coburn
      Coburn & Greenbaum PLLC
      1710 Rhode Island Avenue, NW
      Second Floor
      Washington, D.C. 20036
      barry@coburngreenbaum.com

By: /s_____
      Adam Hoffinger
      Schulte Roth & Zabel LLP
      901 Fifteenth Street, NW, Suite 800
      Washington, D.C.  20008
      adam.hoffinger@srz.com

By: /s_____
      Hank Walther
      Jones Day
      Jones Day
      51 Louisiana Avenue, NW
      Washington, D.C. 20001
      hwalther@jonesday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd of December, 2019 I have served a copy of the Joint Motion to Dismiss Indictment by electronic mail to:

> Barry Coburn
> Coburn & Greenbaum PLLC
> 1710 Rhode Island Ave., NW
> Second Floor
> Washington, DC  20036
> barry@coburngreenbaum.com
>
> Adam Hoffinger
> Schulte Roth & Zabel LLP
> 901 Fifteenth Street, NW, Suite 800
> Washington, DC  20008
> adam.hoffinger@srz.com
>
> Hank Walther
> Jones Day
> 51 Louisiana Ave., NW
> Washington, DC 20001
> hwalther@jonesday.com

By: /s/Anna Akopyan